# Exhibit 1



New Search   Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 222017CA000098CAAXMX [17000098CAMXAX] | 08/25/2017 | GLADES | Circuit Civil 3-D | OPEN | No | Yes |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 08/25/2017 | Other-Discrimination Employment/Other | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| LUNDY, JACK E | JUDGE | | |
| ASHWORTH, MICHAEL | PLAINTIFF | CELLER, RICHARD BERNARD | 173370 |
| GLADES COUNTY BOARD OF COUNTY | DEFENDANT | | |

**Dockets**

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 10 | 08/28/2017 | SUMMONS ISSUED - BOCC (SENT BACK TO ATTY FOR SERVICE) | 2 |
| | 1 | 08/25/2017 | Case 222017CA000098CAAXMX Filed with Clerk on 8/25/2017 | |
| | 2 | 08/25/2017 | Judge: Assigned | |
| | 3 | 08/25/2017 | Assessment 1 assessed at sum $410.00 | |
| | 4 | 08/25/2017 | CIVIL COVER SHEET | 2 |
| | 5 | 08/25/2017 | COMPLAINT AND DEMAND FOR JURY TRIAL | 10 |
| | 6 | 08/25/2017 | SUMMONS TO BE ISSUED - BOCC | 2 |
| | 7 | 08/25/2017 | Assessment 1 Total Assessed $410.00 Balance Remaining $0.00 | |
| | 8 | 08/25/2017 | Payment received: $410.00 Receipt Number MX 21811 | |
| | 9 | 08/25/2017 | Receipt Copy | 1 |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

Filing # 60976383 E-Filed 08/28/2017 08:51:54 AM
Filing # 60899910 E-Filed 08/25/2017 10:12:18 AM

## IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT
## IN AND FOR GALDES COUNTY, FLORIDA

MICHAEL ASHWORTH,

      Plaintiff,

CASE NO.: *CA 17-98*

v.

GLADES COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Defendant.

_____/

### SUMMONS
### PERSONAL SERVICE
### ON A CORPORATION

**TO:**  **GLADES COUNTY BOARD OF COUNTY COMMISSIONERS**
      **JOHN AHERN - CHAIRMAN**
      **500 AVENUE J**
      **MOOREHAVEN, FL 33471**

### IMPORTANT

    A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

DATE SERVED: *10/4/17*
TIME: *11:30 AM*
INITIALS: *EC*
CPS#: *90021*

Richard B. Celler, Esq.
Richard Celler Legal, P.A.,
7450 Griffin Road, Suite 230
Davie, Florida 33314
(866) 344-9243
E-Mail:
noah@floridaovertimelawyer.com
richard@floridaovertimelawyer.com

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

> Richard B. Celler, Esq.
> Noah E. Storch
> Richard Celler Legal, P.A.,
> 7450 Griffin Road, Suite 230
> Davie, Florida 33314
> (866) 344-9243
> E-Mail:
> noah@floridaovertimelawyer.com
> richard@floridaovertimelawyer.com

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON _Aug 28_, 2017.

(Seal)

By: _____
Deputy Clerk

**SANDRA H. BROWN, CLERK OF THE CIRCUIT COURT**
CLERK OF THE CIRCUIT COURT
GALDES COUNTY, FLORIDA

2

IN THE 20TH JUDICIAL CIRCUIT COURT IN AND
FOR GLADES COUNTY, FLORIDA

MICHAEL ASHWORTH,                          CASE NO.:  17000098CAMXAX

      Plaintiff,

v.

GLADES COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL ASHWORTH ("ASHWORTH" or "Plaintiff"), files this Complaint against Defendant, GLADES COUNTY BOARD OF COUNTY COMMISSIONERS, ("GC" or "Defendant"), a Governmental entity, and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), and Florida Statute Section 92.57, to recover unpaid overtime wages, an additional equal amount as liquidated damages, lost wages from termination, punitive damages, injunctive and declaratory relief, and reasonable attorney's fees and costs.

2.    Plaintiff is seeking in excess of $15,000.00 in damages, exclusive of attorneys' fees and costs.

### PARTIES

3.    At all times material hereto, Plaintiff was a resident of Glades County, Florida.

4.    At all times material hereto, Defendant was, and continues to be, a Governmental entity that employed Plaintiff in Glades County, Florida.

5.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

7.     At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

8.     At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

9.     At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

10.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

12.     At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

13.     At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

14.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

2

## STATEMENT OF FACTS

15.     Defendant hired Plaintiff to work as an hourly paid non-exempt Animal Control Officer on May 30, 2012.

16.     Plaintiff worked in this capacity until his illegal termination, discussed below, on August 2, 2017.

17.     Throughout Plaintiff's employment, Plaintiff regularly worked for Defendant in excess of forty (40) hours within a work week.

18.     Rather than properly track and pay Plaintiff time and one half for his overtime hours worked, Defendant would instead, under report, alter, and/or fail to record Plaintiff's actual hours work resulting in the non-payment of his overtime time hours at time and one half his regular rate of pay.

19.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

20.     Defendant has violated Title 29 U.S.C. §207 in that:

   a.     Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b.     No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c.     Defendant failed to maintain proper time records as mandated by the

3

FLSA.

21.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

22.     As to Plaintiff's claims under Section 92.57, Florida Statutes, on May 10, 2017, Plaintiff was subpoenaed to testify involving a lawsuit involving the death of an animal.

23.     During Plaintiff's deposition under oath, he testified in an unfavorable manner to Defendant regarding past citations involving rabies and dog bites were being voided by his Supervisor, Bob Jones in an effort to demonstrate favoritism to certain individuals, which in turn, benefitted Defendant.

24.     In approximately July 2017, Plaintiff was again subpoenaed to testify at trial and again testified unfavorably in a manner to Defendant.   *See* Exhibit A.

25.     Approximately, one week later, Plaintiff was aggressively confronted by County Manager, Paul Carlisle, who indicated that he had received a copy of Plaintiff's subpoenaed testimony, and wanted to "discuss" same with him.

26.     During this meeting, Mr. Carlisle was aggressive toward Plaintiff, slamming his hands and notebooks, and attempting to intimidate Plaintiff based on his prior testimony that was damning to Defendant.

27.     Defendant's Human Resources was present as well.

28.     Mr. Carlisle made clear to Plaintiff that he was infuriated by his sworn testimony, and the impact it could have on Defendant.

29.     Plaintiff notified both Mr. Carlisle and Human Resources that he was instructed not to discuss his testimony, and that it was illegal for Defendant to retaliate against him based

4

on his testimony.

30.    Mr. Carlisle notified Plaintiff that, if he was not willing to discuss his testimony further with him, that his employment was terminated.

31.    Defendant then terminated Plaintiff's employment, and attempted to bait Plaintiff into acting aggressively by exclaiming that Plaintiff was armed (which he was not).

32.    Prior to this incident, Plaintiff was an employee in good standing with no significant attendance, performance, or disciplinary concerns.

33.    Plaintiff was fired for no reason other than the substance of his subpoenaed testimony.

34.    Any contention by Defendant that it had a legitimate reason for Plaintiff's termination, unrelated to his subpoenaed testimony is pretext, and the temporal proximity between his testimony and termination demonstrates same.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

35.    Plaintiff re-alleges and reavers paragraphs 1 through 21 of the Complaint, as if fully set forth herein.

36.    During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

37.    Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

38.    At all times material hereto, Defendant failed and continues to fail to maintain

proper time records as mandated by the FLSA.

39.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

40.     Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

41.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

42.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

43.     At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

44.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour

provisions of the FLSA;

  b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

  c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Awarding Plaintiff pre-judgment interest;

  f. Ordering any other further relief the Court deems just and proper.

**COUNT II**
**UNLAWFUL RETALIATION IN VIOLATION OF SECTION 92.57,**
**FLORIDA STATUTES**

 45. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-4, 15-16, and 22-34, of the Complaint as if fully set forth herein.

 46. On August 2, 2017, Defendant illegally terminated Plaintiff from his employment in violation of Section 92.57, Fla. Stat.

 47. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

 WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay, punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

7

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: August 25, 2017.

Respectfully submitted,


By:/s Richard Celler
RICHARD CELLER, ESQ.
Florida Bar No.0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: richard@floridaovertimelawyer.com
Trial Counsel for Plaintiff

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR GLADES COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MICHAEL ASHWORTH,

        Plaintiff,

v.                              Case No.

GLADES COUNTY BOARD OF
COUNTY COMMISSIONERS,

        Defendant.

## NOTICE OF APPEARANCE

NOTICE IS HEREBY GIVEN that Brian W. Koji of the law firm of Allen Norton & Blue, P.A., hereby enters his appearance as counsel of record for GLADES COUNTY BOARD OF COUNTY COMMISSIONERS ("Defendant") the above-referenced matter. All future pleadings and correspondence to Defendant, in this litigation should also be served upon the undersigned counsel at the Tampa office address shown below.

Dated this 18th day of October, 2017.      Respectfully submitted,

/s/ *Brian W. Koji*
BRIAN W. KOJI
Florida Bar No.  0116297
*Counsel for Defendant*
**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
Primary:    bkoji@anblaw.com
Secondary:  tcarnevalini@anblaw.com
              amcclanahan@anblaw.com

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of October, 2017, a true and correct copy of

the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a

notice of electronic filing to Richard Celler, Esquire of RICHARD CELLER LEGAL, P.A., 7450

Griffin Road, Suite 230, Davie, Florida 33314. *[Richard@floridaovertimelawyer.com]*

/s/ *Brian W. Koji*
ATTORNEY

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR GLADES COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MICHAEL ASHWORTH,

             Plaintiff,

v.                                                            Case No. CA-17-98

GLADES COUNTY BOARD OF
COUNTY COMMISSIONER,

             Defendants.

## NOTICE OF APPEARANCE

NOTICE IS HEREBY GIVEN that Carly D. Wilson of the law firm of Allen Norton &
Blue, P.A., hereby enters her appearance as co-counsel of record for GLADES COUNTY BOARD
OF COUNTY COMMISSIONER., ("Defendant"), in the above-referenced matter.  All future
pleadings and correspondence to Defendant in this litigation should also be served upon the
undersigned counsel at the Tampa office address shown below.

Dated this 18th day of October, 2017.      Respectfully submitted,

                                           */s/ Carly D. Wilson*
                                           CARLY D. WILSON
                                           Florida Bar No.  118005
                                           *Co-Counsel for Defendant*
                                           **ALLEN NORTON & BLUE, P.A.**
                                           Hyde Park Plaza - Suite 225
                                         324 South Hyde Park Avenue
                                         Tampa, Florida 33606-4127
                                         (813) 251-1210 | (813) 253-2006 – Fax
                                         Primary:     cwilson@anblaw.com
                                         Secondary: tcarnevalini@anblaw.com
                                                       amcclanahan@anblaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of October, 2017, a true and correct copy of the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to Richard Celler, Esquire of RICHARD CELLER LEGAL, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314. *[Richard@floridaovertimelawyer.com]*

*/s/ Carly D. Wilson*
ATTORNEY

2