UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ASHWORTH,

    Plaintiff,

v.                          Case No: 2:17-cv-577-FtM-99MRM

GLADES COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Count II of Plaintiff's Complaint, or in the Alternative Strike Plaintiff's Demand for Punitive Damages (Doc. #5) filed on October 24, 2017. Plaintiff filed a Response in Opposition (Doc. #13) on November 17, 2017. For the reasons set forth below, the Motion is granted.

**I.**

On August 25, 2017, plaintiff Michael Ashworth filed a two-count Complaint against his former employer, Glades County Board of County Commissioners, for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA) (Count I) and unlawful retaliation in violation of Fla. Stat. § 92.57 (Count II). (Doc. #2.) Section 92.57 makes it unlawful for an employer

to terminate a person who testifies in response to a subpoena.[1]
The action was removed to this Court on October 19, 2017. (Doc.
#1.) Plaintiff alleges that he began employment with defendant
as an Animal Control Officer on May 30, 2012, and was terminated
on August 2, 2017, after offering unfavorable testimony against
defendant. (Doc. #2, ¶¶ 15-16, 23-24.)

Defendant now moves to dismiss plaintiff's unlawful retaliation claim (Count II) based on sovereign immunity. In the alternative, defendant moves to strike Count II's punitive damages request, arguing that punitive damages are not available against a the State or its agencies or subdivisions. Plaintiff responds that dismissal is inappropriate because Florida has waived sovereign immunity under the circumstances giving rise to his unlawful retaliation claim, but plaintiff agrees to withdraw Count II's demand for punitive damages.

---

[1] Section 92.57 reads:

**Termination of employment of witness prohibited.** A person who testifies in a judicial proceeding in response to a subpoena may not be dismissed from employment because of the nature of the person's testimony or because of absences from employment resulting from compliance with the subpoena. In any civil action arising out of a violation of this section, the court may award attorney's fees and punitive damages to the person unlawfully dismissed, in addition to actual damages suffered by such person.

Fla. Stat. § 92.57.

**II.**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011). "In Florida, sovereign immunity is the rule, rather than the exception." Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So. 2d 4, 5 (Fla. 1984) (citing Fla. Const. art. X, § 13). Any waiver of sovereign immunity must be "clear and unequivocal"; thus, absent a waiver, Florida sovereign immunity bars suit against the State or one of its political subdivisions. Id.; Town of Gulf Stream v. Palm Beach Cnty., 206 So. 3d 721, 725 (Fla. 4th DCA 2016). "Only the Legislature has authority to enact a general law that waives the state's sovereign immunity" and "waiver will not be found as a product of inference or implication." Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp., 908 So. 2d 459, 471 (Fla. 2005). Counties and municipalities are afforded sovereign immunity to the same extent as the State. Town of Gulf Stream, 206 So. 3d at 725; Fla. Stat. § 768.28(2).

Florida's legislature has explicitly waived sovereign immunity for liability in torts involving personal injury, wrongful death, and loss or injury of property. Fla. Stat. § 768.28. Defendant asserts that although a cause of action for retaliatory discharge brought pursuant to Fla. Stat. § 92.57 is "tortious in nature," a plaintiff bringing such a cause of action

is only entitled damages for economic loss in the form of lost wages, for which the State has not waived its sovereign immunity. See Cnty. of Brevard v. Miorelli Engineering, Inc., 677 So. 2d 32, 34 (Fla. 5th DCA 1996), *quashed on other grounds*, 703 So. 2d 1049 (Fla. 1997). Plaintiff responds that his retaliation claim still falls within Section 768.28 because Section 92.57 allows for the recovery of tort-like compensatory damages, including pain and suffering, which makes his claim akin to a personal injury tort, citing Mason v. City of Miami Gardens, Fla., No. 14-23908-CV, 2015 WL 2152702 (S.D. Fla. May 6, 2015).

Although Florida's state courts have not spoken on the application of Section 768.28 to retaliatory discharge under Section 92.57, in Mason the District Court found that because plaintiff was essentially seeking damages in the form of a personal injury tort, and not for purely economic damages, the Section 92.57 claim fell within the waiver of Section 768.28. Id. at *2.

In determining whether statutory claims such as the one at issue here are subject to sovereign immunity, this Court takes guidance from the Supreme Court of Florida, which generally examines the statutory language rather than the type of damages sought by a plaintiff. For example, in Bifulco v. Patient Business & Financial Services, Inc., the Supreme Court of Florida examined whether the State had waived its sovereign immunity under Section 440.205 of the Workers' Compensation Law, which created a cause of

action for employees who are subject to retaliatory treatment by their employers for attempting to claim workers' compensation benefits. 39 So. 3d 1255, 1257 (Fla. 2010). The court found that under the plain language of the Workers' Compensation Law, the Legislature had waived sovereign immunity by authorizing a lawsuit against the State. Id. Moreover, the court pointed to the fact that in several statutory causes of action, the Legislature has chosen to waive sovereign immunity by explicitly referencing Section 768.28 in the statute. Id. at 1258.

Generally, the Supreme Court of Florida has noted that the purpose of the enactment of Section 768.28 was to waive sovereign immunity for breaches of *common law duties of care*, limited to traditional torts, rather than causes of action created by statute. See Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 917 (Fla. 1985); Hill v. Dept. of Corrections, 513 So. 2d 129, 133 (Fla. 1987). See also State of Fla., Dept. of Elder Affairs v. Caldwell, 199 So. 3d 1107, 1110 (Fla. 1st DCA 2016) (finding that any waiver of sovereign immunity by legislature for an executive agency's interference with an ombudsman applied to tort claims, not statutory claims such as retaliatory discharge). In Caldwell, even though plaintiff's cause of action allowed for the recovery of damages for pain and suffering, the court instead examined the statutory language and legislative intent for a "clear and unequivocal waiver" of sovereign immunity to determine whether

the legislature intended the Department to be sued.  Id.  See also Fla. Dept. of Transp. V. Schwefringhaus, 188 So. 3d 840, 846 (Fla. 2016) ("Waiver cannot be found by inference or implication, and statutes waiving sovereign immunity must be strictly construed.")

The Court follows the guidance of Florida courts and disagrees with plaintiff that his potential recovery of pain and suffering damages for a statutory cause of action means that Florida has waived its sovereign immunity for such a claim.  Plaintiff has pointed to no language in the statute itself, nor to any other indication that the Florida legislature intended to waive sovereign immunity for Section 92.57 claims; therefore, the Court will not find that Florida has waived sovereign immunity for such claims.  See Am. Home Assur. Co., 908 So. 2d at 471 (finding that waiver will not be found as a product of inference).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. #5) is **GRANTED**.  Count II is dismissed with prejudice.

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record