UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ASHWORTH,

    Plaintiff,

v.                                      Case No.:  2:17-cv-577-FtM-99MRM

GLADES COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Undersigned are the parties' Joint Stipulation for Dismissal With Prejudice, filed on March 12, 2019, (Doc. 32), and the Joint Filing of Additional Information and Motion for Approval of Settlement Agreement, filed on April 8, 2019, (Doc. 34). Plaintiff Michael Ashworth and Defendant Glades County Board of County Commissioners jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims asserted in this case.[1]

A brief procedural history is instructive. On March 12, 2019, the parties filed a Joint Stipulation for Dismissal With Prejudice (Doc. 32). On March 18, 2019, the Undersigned entered an Order requiring the parties to provide additional information concerning the terms and conditions of the settlement. (Doc. 33). The parties filed the Joint Filing of Additional Information and Motion for Approval of Settlement Agreement (Doc. 34) in response to the

---

[1] In the Complaint (Doc. 2), Plaintiff also brings a claim in Count II for "Unlawful Retaliation in Violation of Section 92.57, Florida Statutes." (Doc. 2 at 7). On December 12, 2017, the presiding trial judge entered an Opinion and Order dismissing Count II with prejudice. (Doc. 15 at 6).

March 18 Order. (Doc. 34 at 1). After a careful review of the parties' submissions, the Undersigned cannot recommend approval of the proposed settlement, as it currently stands.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit has held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

**ANALYSIS**

There are six (6) primary issues that preclude a finding of fairness and reasonableness in this case: (1) the Agreement and General Release is not signed by any of the parties, the parties agree to allow Plaintiff twenty-one days to sign the Agreement, and allow Plaintiff seven days thereafter to revoke it; (2) the discrepancy between the amount originally claimed in Plaintiff's Answers to Court Interrogatories and the ultimate settlement amount; (3) the non-payment or non-allocation of liquidated damages; (4) the non-payment or non-allocation of consideration for certain concessions, including: (a) the mutual general release; (b) the restriction against applying for jobs with the Defendant; (c) the no-rehire provision; and (c) the neutral reference provision; (5) the lack of explanation as to attorney's fees; and (6) the conflicting language concerning Plaintiff's retaliation claim. The Court addresses each of these issues in detail below.

### I. Lack of Signatures and Plaintiff's Right to Revoke

The parties have not signed the Agreement and General Release. (Doc. 34-1 at 4). Until such time as the parties sign and are bound by the terms of the settlement—subject ultimately to court approval, of course—the Undersigned is unable to find or to recommend that the proposed settlement is fair and reasonable. Otherwise, there is nothing to preclude the parties from either (1) further modifying the Agreement and General Release before it is fully executed without seeking further court approval or (2) returning to the Court with successive motions to approve further modifications to the Agreement and General Release. Either result would run contrary to the requirements of *Lynn's Food Stores*, 679 F.2d at 1355 and its progeny, and undermine judicial economy.

Further, the Agreement and General Release permits Plaintiff up to twenty-one (21) days in which to sign and then affords Plaintiff an additional seven (7) calendar days thereafter to

revoke his agreement. (*Id.* at 4 ¶ 17). As long as the proposed settlement remains unexecuted and subject to the Plaintiff's right to revoke, there is no actual agreement in place for the Court to review and approve with any assurance of finality. Moreover, upon approval of the settlement by the presiding United States District Judge, the Court would typically dismiss the action pursuant to the settlement. Any delay in executing the Agreement and General Release or any exercise by the Plaintiff of his right to revoke his agreement to the settlement threatens to create procedural and logistical challenges for the Court and for the parties to re-open the case. Considerations of judicial economy weigh very heavily against premature judicial review and approval of a proposed settlement agreement that is not fully executed by the relevant parties or that is subject to any right by a party to revoke the agreement after judicial approval is given. Therefore, the Undersigned finds that the inclusion of a delayed execution provision and a revocation period—even one that facially inures to the benefit of the Plaintiff—precludes a finding of fairness and reasonableness at this time.

## II. The Amount Originally Claimed Versus the Amount of the Settlement

In Plaintiff's Answers to Court Interrogatories, Plaintiff stated under oath that he claimed "Total: $92,030.40 (unliquidated) and $184,060.80 (liquidated)" in damages. (Doc. 22-1 at 2). In the Agreement and General Release, the parties agree to settle this action for a "total lump sum amount equal to" $33,500.00. (Doc. 34-1 at 1 ¶ 2). The parties fail to explain the enormous discrepancy between Plaintiff's original claim for $92,030.40 in "unliquidated" damages and $184,060.80 in liquidated damages, and the proposed settlement amount of $33,500.00. Without an explanation, the Undersigned cannot adequately review the proposed settlement for fairness and reasonableness.

### III. Allocation of Damages

In the Agreement and General Release, Defendant agrees to pay Plaintiff a total lump sum of $33,500.00 without allocating any portion of that amount to unpaid wages and liquidated damages. Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." (Emphasis added). A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Thus, when a settlement occurs in a FLSA case, the Court must review the amount of unpaid wages paid and the amount of liquidated damages paid, if any, for reasonableness and fairness. If liquidated damages are not included, then the Court must be informed of and review the proffered reasons why.

Here, the parties failed to indicate what portion of this amount is allocated to unpaid wages and what portion, if any, is allocated to liquidated damages. For this Court to approve any proposed settlement, the parties must directly address the issue of liquidated damages. Otherwise, the Court can only speculate as to the parties' intentions.

If the payment amount to Plaintiff of $33,500.00 is not equally divided between unpaid wages and liquidated damages, then the parties must provide justification for the Court to waive the requirement of liquidated damages under the FLSA. Until the parties have addressed these issues, the Undersigned finds that the Court cannot adequately review the proposed settlement for fairness and reasonableness.

### IV. Consideration for Concessions and the Mutual General Release

In the Agreement and General Release, Plaintiff agrees: (1) to a mutual general release; (2) not to apply for employment with Defendant; (3) to relieve Defendant of any obligation to re-hire him; and (4) to receive a neutral reference. (Doc. 34-1 at 2-3 ¶ 10). The Undersigned considers each of these concessions below.

The *Lynn's Food Stores* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted).

In the Agreement and General Release, Plaintiff agrees to a general release of claims against the Defendant. (Doc. 34-1 at 1, 2 ¶¶ 1, 5, 6, 7). In the Joint Motion, the parties state that "part of the settlement proceeds in this suit constitutes consideration for Plaintiff's general release of his claims, including his retaliation claim, in this suit. As further consideration, the County has also agreed to a mutual general release against Ashworth." (Doc. 34 at 2). However, the parties do not explain or allocate any specific amount of the settlement proceeds for consideration for the release.

This Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an

6

FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* The Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

As such, the task of determining adequate consideration for such forgone and unknown claims is impossible. The Court is, therefore, unable to determine whether this aspect of the proposed settlement is fair and reasonable based on the current record.

Likewise, the Court is unable to determine whether Plaintiff received adequate consideration for his agreement not to apply for employment with Defendant, to relieve Defendant of any obligation to re-hire him, and to receive a neutral reference. (Doc. 34-1 at 2-3 ¶ 10). A number of jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement, and require their own fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). Notwithstanding this line of cases, other jurists in this District have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

Here, Plaintiff agrees "not to apply for . . . or accept employment with" Defendant, that Defendant is not "under any obligation to employ or contract with [Plaintiff]," that Defendant

7

"shall not have any obligation to process that application or to hire or contract with [Plaintiff]," and that all employment references will be directed to Defendant's Human Resources Director who "shall confirm Ashworth's position and dates of employment." (Doc. 34-1 at 2-3 ¶ 10). The parties fail to explain whether these provisions were negotiated for separate consideration. (*See* Doc. 34). Because the parties' briefing does not address the issue of consideration for these non-cash concessions, the Court cannot determine whether their inclusion in the settlement is fair and reasonable.

### V.     Attorney's Fees Provisions

In the Joint Motion, the parties state, "[t]he attorney's fees and costs were negotiated and agreed upon separately from the amount Plaintiff is receiving." (Doc. 34 at 2). In the Agreement and General Release, the parties agree that "each [shall] be responsible for payment of their own respective attorneys' fees and legal costs." (Doc. 34-1 at 1 ¶ 4). The parties have not attempted to reconcile these apparently contradictory statements. Thus, the Court cannot determine whether the settlement of the attorney's fees represents a fair and reasonable resolution of the fees issues in this case.

### VI.    Retaliation Claim

Plaintiff also brought a retaliation claim in Count II of the Complaint (Doc. 2) that the presiding trial judge dismissed with prejudice. (*See* Doc. 15 at 6). Plaintiff states in the Joint Motion that he "may still appeal the dismissal of his retaliation claim." (Doc. 34 at 1 ¶ 3). In the Agreement and General Release, however, Plaintiff states that he "expressly acknowledges and affirms that he has not been retaliated against for any actions taken during his employment with the County." (Doc. 34-1 at 2 ¶ 9). Further, Plaintiff agrees to a general release of claims with no reservations. (*Id.* at 2 ¶¶ 5, 6, 7). The parties failed to explain the discrepancy between these

contradictory statements. Thus, the Court cannot determine the fairness or reasonableness of the proposed settlement as it relates to the retaliation claim.

## CONCLUSION

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food Stores* as to the fairness and reasonableness of the proposed settlement in this case based upon the existing record.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Joint Stipulation for Dismissal With Prejudice (Doc. 32) and the Joint Motion for Approval of Settlement Agreement (Doc. 34) be **DENIED** without prejudice.

2) The parties be ordered to elect one of the following options **no later than May 30, 2019**:[2]

   a. File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein and file a fully executed settlement agreement that is binding on relevant parties if approved by the Court; or

   b. Prepare the case for trial pursuant to July 13, 2018 Case Management and Scheduling Order (Doc. 30).

---

[2] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

Respectfully recommended in Chambers in Ft. Myers, Florida on April 18, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties

10