UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL ASHWORTH,

    Plaintiff,

v.                                                   Case No.:   2:17-cv-577-FtM-99MRM

GLADES COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are the Joint Filing of Additional Information and Motion for Approval of Settlement Agreement and FLSA Settlement Agreement, filed on May 30, 2019. (Doc. 37; Doc. 37-1).  Plaintiff Michael Ashworth and Defendant Glades County Board of County Commissioners request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims asserted in the case.[1]

A brief procedural history is instructive.  On March 12, 2019, the parties filed a Joint Stipulation for Dismissal With Prejudice (Doc. 32).  On March 18, 2019, the Undersigned entered an Order requiring the parties to provide additional information concerning the terms and conditions of the settlement.  (Doc. 33).  The parties filed the Joint Filing of Additional

---

[1] In the Complaint (Doc. 2), Plaintiff also brings a claim in Count II for "Unlawful Retaliation in Violation of Section 92.57, Florida Statutes."  (Doc. 2 at 7).  On December 12, 2017, the presiding District Judge entered an Opinion and Order dismissing Count II with prejudice.  (Doc. 15 at 6).  The parties included additional consideration in the FLSA Settlement Agreement related to the release of this retaliation claim.  (Doc. 37-1 at 2 ¶¶ 2(c), 5).

Information and Motion for Approval of Settlement Agreement (Doc. 34) in response to the March 18 Order.  (Doc. 34 at 1).

The Undersigned entered a Report and Recommendation recommending that the Joint Stipulation for Dismissal With Prejudice (Doc. 32) and the Joint Motion for Approval of Settlement Agreement (Doc. 34) be denied without prejudice.  (Doc. 35 at 9).  The Undersigned found that the following six (6) primary issues precluded a finding of fairness and reasonableness:  (1) the Agreement and General Release was not signed by any of the parties, the parties agreed to allow Plaintiff twenty-one days to sign the Agreement, and allowed Plaintiff seven days thereafter to revoke it; (2) the discrepancy between the amount originally claimed in Plaintiff's Answers to Court Interrogatories and the ultimate settlement amount; (3) the non-payment or non-allocation of liquidated damages; (4) the non-payment or non-allocation of consideration for certain concessions, including:  (a) the mutual general release; (b) the restriction against applying for jobs with the Defendant; (c) the no-rehire provision; and (c) the neutral reference provision; (5) the lack of explanation as to attorney's fees; and (6) the conflicting language concerning Plaintiff's retaliation claim.  The parties have remedied these deficiencies in the present Motion for Approval of Settlement Agreement (Doc. 37) and the FLSA Settlement Agreement (Doc. 37-1).[2]  Thus, after a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement.

---

[2]  To remedy the deficiencies, the parties did the following:  (1) signed the FLSA Settlement Agreement; (2) explained the discrepancy between the amount originally claimed and the settlement amount (Doc. 37 at 1-2 ¶ 4); (3) specified the amount of liquidated damages; (4) removed the mutual general release, removed the restriction against applying for jobs with Defendant, removed the no-rehire provision, and explained the neutral reference provision; (5) explained the attorney's fees request; and (6) removed the conflicting language concerning Plaintiff's retaliation claim.  (*See generally* Doc. 37-1).

### LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

### CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

In the Complaint (Doc. 2), Plaintiff alleges that Defendant hired him to work as an hourly paid non-exempt Animal Control Officer on May 30, 2012. (Doc. 2 at 3 ¶ 15). Plaintiff claims that he worked in this capacity until his illegal termination. (*Id.* at 2 ¶ 16). Plaintiff claims that

3

throughout his employment he worked in excess of forty (40) hours per week and was not properly compensated for these hours. (*Id.* at 2 ¶¶ 17-19).

Defendant disputes that Plaintiff was called in to work after hours based on its own time records. (Doc. 37 at 2 ¶ 5).

## ANALYSIS

Even though a *bona fide* dispute exists between the parties (*see id.* at 2), the parties successfully negotiated a settlement of Plaintiff's claims (*id.* at 2). The parties agreed to settle this matter to avoid the uncertainty and costs associated with further litigation. (*Id.* at 2).

*Monetary Terms and Resolution of the Retaliation Claim*

The parties explained that Plaintiff originally sought unliquidated damages in the amount of $92,030.40 and an equal amount of liquidated damages based on Plaintiff's initial assessment of the time he was "engaged to wait." (Doc. 37 at 1). After discovery, "the evidence indicated that Plaintiff was likely not "'engaged to wait'" within the meaning of the FLSA for the entirety of the time asserted by Plaintiff[.]" (*Id.* at 2). In fact, the parties "stipulate that the settlement amount to be paid as wages represents full relief for the amount of pay the Plaintiff claims to be owed, after accounting for the changes in the assessment of the "'engaged to wait'" time referenced above." (*Id.*). Plaintiff re-estimated his damages to be approximately $7,500.00 based on the revised assessment and agreed to settle for the amount of $7,500.00 in back wages and $7,500.00 in liquidated damages. (*Id.* at 2 ¶ 6).

In addition, the parties allocated the amount of $2,000.00 for Plaintiff's Fla. Stat. § 92.57 retaliation claim (that was previously dismissed with prejudice). (*Id.* at 3 ¶ 8). Plaintiff decided to "drop his right to appeal" this claim in exchange for this extra consideration. (*Id.*). The parties were represented by experienced counsel and agree that Plaintiff is receiving a reasonable

4

and fair recover. (*Id.* at 37 ¶ 10). Based upon Plaintiff being paid the entire amount to which he estimates he is entitled, as well as the additional consideration for the release of the retaliation claim, the Undersigned finds that the monetary terms are a fair and reasonable resolution of the dispute.

*Attorney's Fees*

The proposed settlement includes an agreement that Defendant pay Plaintiff's attorney's fees in the amount of $16,500.00. (Doc. 37-1 at ¶ 2(d)). The parties state, "Plaintiff is receiving a reasonable and fair recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and costs in the amount of $16,500." (Doc. 37 at 3 ¶ 11).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff. (Doc. 37 at 3). The Undersigned finds, therefore, that the proposed settlement of Plaintiff's attorney's fees is reasonable and fair.

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable, and should be approved by the Court.

## CONCLUSION

The Undersigned finds that the Joint Filing of Additional information and Motion for Approval of Settlement Agreement (Doc. 37) and the FLSA Settlement Agreement (Doc. 37-1) appear reasonable on their faces. Accordingly, the Undersigned recommends that the Motion for Approval of Settlement Agreement (Doc. 37) be granted and The FLSA Settlement Agreement (Doc. 37-1) be approved.

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1) The Motion for Approval of Settlement Agreement (Doc. 37) be **GRANTED**.

2) The FLSA Settlement Agreement (Doc. 37-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

3) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 21, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties